IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

      v.                                                  23-CR-6053

NATHAN FOLLETT,

      Defendant.

## STATEMENT OF THE GOVERNMENT
## WITH RESPECT TO SENTENCING FACTORS

**PLEASE TAKE NOTICE** that the government has reviewed the Presentence Investigation Report, dated September 20, 2023 (Dkt. 41) (the "PSR"). The plea agreement differs from the Sentencing Guideline calculation in the PSR in that the PSR concluded that the offense involved material that portrays sadistic or masochistic conduct and therefore applied a four-point enhancement under Guidelines § 2G2.1(b)(4)(A). Pursuant to *United States v. Lawlor*, 168 F.3d 633 (2d Cir. 1999), the government is bound to advocate the calculation in the plea agreement. The defendant has filed objections to the PSR's application of the four-level enhancement under Guidelines § 2G2.1(b)(4)(A) (Dkt. 43) and the government will be filing a response to those objections that further explain its position.

Upon the ground that the defendant has assisted authorities in the investigation or prosecution of the defendant's own misconduct by timely notifying authorities of the defendant's intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the Court to allocate their resources

efficiently, the government hereby moves the Court to apply the additional one (1) level downward adjustment for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(b).

Respectfully, based upon the factors discussed in the PSR and pursuant to the plea agreement, the government asks the Court to impose a term of imprisonment of 168 to 210 months. The government submits that such a sentence will satisfy the sentencing factors that the Court is required to consider pursuant to Title 18, United States Code, Section 3553(a).

Should the defendant present any letters of support or sentencing statement to the Court, the United States will move to strike the items from the record if this office is not provided with copies at least three (3) business days prior to sentencing.

The defendant is required by 18 U.S.C. § 3013 to pay the sum of $100 at the time of sentencing.  Immediately after sentencing, the defendant must pay the amount due by personal check, cashier's check or certified funds to the United States District Court Clerk.

It is requested that the Court order that all financial obligations be due immediately. In the event the defendant lacks the ability to immediately pay the financial obligations in full, it is requested that the Court set a schedule for payment of the obligations.

In the event present counsel for the defendant will continue to represent the defendant after sentencing in regard to the collection of unpaid financial obligation(s), it is requested that a letter so advising be sent to:

    Asset Recovery Division
    U.S. Attorney's Office WDNY
    138 Delaware Avenue
    Buffalo, New York 14202

If a letter is not received within ten (10) days of sentencing, the defendant will be directly contacted regarding collection of the financial obligation(s).

DATED: Rochester, NY, October 5, 2023

                        TRINI E. ROSS
                        United States Attorney

BY: *(signature)*
                        MEGHAN K. McGUIRE
                        Assistant United States Attorney
                        United States Attorney's Office
                        Western District of New York
                        100 State Street
                        Rochester, New York   14614
                        (585) 399-3922
                        Meghan.McGuire@usdoj.gov