IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA

  -v-                                                          23-CR-6053

NATHAN FOLLETT,

             Defendant.

---

**GOVERNMENT'S MEMORANDUM IN RESPONSE TO THE
DEFENDANT'S OBJECTIONS TO THE PRESENTENCE REPORT**

**THE UNITED STATES OF AMERICA**, by and through its attorneys, Trini E. Ross, United States Attorney for the Western District of New York, and Assistant United States Attorney, Meghan K. McGuire, respectfully files this response in support of the defendant's objections to Paragraphs 32, 33, 68, 90, and 124 of the Presentence Investigation Report, filed on September 20, 2023 (Dkt. 41) ("PSR") and in opposition to the defendant's objections to Paragraph 83 of the PSR.

**FACTUAL BACKGROUND**

On April 10, 2023, the defendant pled guilty to a one-count Information charging him with violating Title 18, United States Code, Section 2252A(a)(2)(A). (Dkt. 28.) The Information alleged that beginning on or before February 27, 2016, through and including on or about December 16, 2021, the defendant knowingly received child pornography.

The defendant's plea was pursuant to a plea agreement with the government. (Dkt. 29.) In the plea agreement, the defendant and the government agreed to a Sentencing

Guideline calculation that resulted in an offense level of 35, a criminal history category of I, and a guideline range of imprisonment of 168 to 210 months. The plea agreement did not include a four-point enhancement under Guideline § 2G2.1(b)(4)(A), which applies when the offense involved material that portrays sadistic or masochistic conduct.

On September 20, 2023, the United States Probation Office ("USPO") filed a Presentence Investigation Report ("PSR"). (Dkt. 41.) The USPO's Sentencing Guideline Calculation included the four-point enhancement under Guideline § 2G2.1(b)(4)(A). (Dkt. 41, ¶ 68.) The USPO applied this guideline because the defendant received a video of Minor Victim 5, an almost 15-year-old female, that depicted Minor Victim 5 "laying on her bed and utilizing a hairbrush to masturbate." (Dkt. 41, ¶ 32.) The application of this enhancement resulted in a Sentencing Guideline range of imprisonment of 240 months. (*Id.*, ¶ 87.)

The PSR also included a section entitled "Factors that May Warrant Departure." In that section, the USPO stated that:

> The probation officer has identified the following as potential grounds for departure: pursuant to §5K2.0(a)(1)(B), Aggravating or Mitigating Circumstances (Policy Statement), "*The sentencing court may depart from the applicable guideline range if in the case of child crimes and sexual offenses, the court finds, pursuant to 18 U.S.C. § 3553(b)(2)(A)(i), that there exists an aggravating circumstance, of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the guidelines that, in order to advance the objectives set forth in 18 U.S.C. § 3553(a)(2), should result in a sentence different from that described.*" Likewise, pursuant to §5K2.21 Dismissed and Uncharged Conduct (Policy Statement), "*The court may depart upward to reflect the actual seriousness of the offense based on conduct (1) underlying a charge dismissed as part of a plea agreement in the case, or underlying a potential charge not pursued in the case as part of a plea agreement or for any other reason; and (2) that did not enter into the determination of the applicable guideline range.*" As referenced in the Offense Conduct section of this report, the

>Federal Bureau of Investigation conducted a data extraction of several of the defendant's electronic devices which revealed that the defendant victimized more than 10 minor females by way of persuading, inducing, enticing, and coercing the minor victims to produce images and videos of themselves engaged in sexually explicit conduct, and instructing them to send those images and videos to him, utilizing the Internet. The minor females were between the age of 12 and 17 when the sexual abuse occurred. However, the defendant was not charged with additional counts and the other victims did not enter into the guideline range determination. Accordingly, the Court may wish to consider an upward departure of the Sentencing Guidelines for these reasons.

(*Id.*, ¶ 124.)

On October 4, 2023, the defendant filed objections to the PSR. (Dkt. 43.) The defendant specifically: (a) objected to the application of the four-point enhancement under Guideline § 2G2.1(b)(4)(A); (b) objected to the suggested downward departure under Guidelines §§ 5K2.0(a)(1)(B) and 5K2.21; and (c) denied the conduct described in Paragraph 124 of the PSR.

## DISCUSSION

**I.     THE COURT SHOULD NOT APPLY THE 4-LEVEL ENHANCEMENT UNDER GUIDELINES § 2G2.1(b)(4)(A) BECAUSE THE DEFENDANT DID NOT RECEIVE OR PRODUCE MATERIAL THAT PORTRAYS SADISTIC OR MASOCHISTIC CONDUCT**

Guidelines § 2G2.1(b)(4)(A) requires a four-point enhancement "[i]f the offense involved material that portrays (A) sadistic or masochistic conduct or other depictions of violence." "Webster's . . . defines sadism to include 'the infliction of pain upon a love object as a means of obtaining sexual release,' 'delight in physical or mental cruelty,' and the use of 'excessive cruelty'" (*United States v. Delmarle*, 99 F.3d 80, 83 (2d Cir. 1996)) and defines

3

masochism as "the derivation of sexual gratification from being subjected to physical pain or humiliation by oneself or another person."

The Second Circuit applies this enhancement "where (1) an image depicts sexual activity involving a minor and (2) the depicted activity would have caused pain to the minor." *United States v. Martin*, 801 F. App'x 803, 807 (2d Cir. 2020) (*quoting United States v. Bleau*, 930 F.3d 35, 40 (2d Cir. 2019)). "Both physical and mental pain suffice to trigger the enhancement." *Id.*

"The analysis of whether an image is 'sadistic' under § 2G2.2(b)(4) is strictly objective." *Bleau*, 930 F.3d at 40 (discussing Guidelines § 2G2.2(b)(4), which is identical to Guidelines § 2G2.1(b)(4)). "The district court should not speculate on the subjective experience of the individual depicted or of the particular defendant viewing the material." *Id.* at 40-41. "Rather, the district court must determine only whether an outside viewer, as he is watching, would perceive the depicted activity as causing physical or mental pain to the minor during the course of the activity." *Id.* "Visible expressions of physical pain or mental suffering will generally cause an objective viewer to believe that the depicted activity would cause pain." *Id.*

The Second Circuit has cautioned that, "this enhancement has limitations and should not be interpreted in such a way as to make it applicable in 'routine' child pornography cases, which are awful in their own right, but which may not necessarily contain depictions of mental cruelty." *Id*.

4

In the seminal case of *Bleau*, the defendant possessed videos that depicted an approximately 12- to 14-year-old minor victim performing sex acts upon herself while using a vibrator and other sex toys. Importantly, the Circuit noted that "one of the videos portrayed a child who appeared to be quite nervous, was biting her fingernails, had a look that the District Court could only describe as sadness, and at one point placed her hand over her face to partially obscure her face." *Id.* (quotations omitted). The Second Circuit noted the videos presented a "very close case," but ultimately concluded that the district court did not clearly err in applying the enhancement.

In this case, the government is providing copies of the videos at issue to the Court. They depict Minor Victim 5 alone in her bedroom. She is one week away from her 15th birthday. She is controlling the camera and the hairbrush as she uses it to masturbate. She shows no signs of physical or emotional distress and does not make any noises that indicate she may be in pain.

*Bleau* presented a "very close case" and therefore set a baseline for the least offensive conduct that could be considered sadistic or masochistic. The videos in this case contrast sharply with the videos described in *Bleau* because Minor Victim 5 does not show any signs of nervousness, sadness, or shame, which were present in *Bleau*. As such, the videos of Minor Victim 5 do not meet the minimum standard established in *Bleau*, and the four-point enhancement under § 2G2.1(b)(4)(A) does not apply.

The government is only aware of two published cases that apply the enhancement under § 2G2.1(b)(4)(A) (or the identical enhancement under § 2G2.2(b)(4)(A)) because the minor victim used a hairbrush to masturbate. Neither are in the Second Circuit, and both are factually distinguishable.

In the first case, *United States v. McGavitt*, 28 F.4th 571 (5th Cir. 2022), the defendant possessed a video of a 12- or 13-year-old girl lying on a bed while inserting the handle of a hairbrush into her vagina. Similarly, in the second case, *United States v. Vivirito*, 65 F.4th 341 (7th Cir. 2023), the defendant received a video of a 12-year-old inserting the handle of a hairbrush into her vagina.

The Fifth and Seventh Circuits upheld the district courts' application of the guideline because the use of a foreign object on a child that young was likely to cause physical pain. Here, in contrast, Minor Victim 5 is almost 15 years old. And while it is likely that it would be painful for a prepubescent 12-year-old to insert a hairbrush (or any foreign object) into her vagina, it is not so likely that the same conduct (without any other aggravating circumstances) would be painful for a post-pubescent 15-year-old.

It is the government's understanding, after speaking with the Probation Officer who prepared the PSR, that she relied upon *United States v. Comeaux*, 445 Fed. Appx. 743 (5th Cir. 2011) when applying the four-point enhancement under § 2G2.1(b)(4). In *Comeaux*, a district court applied the enhancement to a video that depicted the defendant performing oral sex on the minor victim and penetrating her with his tongue. The district court's holding was

6

premised upon the minor victim's trial testimony; she specifically testified that the defendant's conduct was humiliating for her.

Based on that record, the Fifth Circuit affirmed the district court's application of the four-point enhancement. The Court was careful to note that not all "depiction[s] that may have caused emotional trauma to the child victim [are] *per se* sadistic." *Id.* at 746. Rather, the Court made a narrower finding based on the record that was developed at trial in that case:

> Where, as here, a district court finds that the child victim depicted in the child pornography at issue was humiliated or debased, the enhancement for depictions of sadistic or masochistic conduct or other depictions of violence may apply. In this case, we agree with the district court that the enhancement does apply. The district court observed the child victim's testimony during a jury trial and made a factual finding on the record at sentencing that the child victim had been humiliated. Comeaux has not argued that the district court's finding was clearly erroneous. Because we hold that emotional trauma such as humiliation or debasement may be sadistic, the district court did not err in applying the enhancement to the facts in this case.

*Id.*

The Fifth Circuit's reliance upon the minor victim's subjective experience is inconsistent with Second Circuit's clear instruction that, in this Circuit, the analysis is strictly objective. But, even if the Fifth Circuit's analysis were persuasive, its holding is based on facts that are not present in the record of this case. There is no evidence that Minor Victim 5 was in fact humiliated by the conduct depicted in the videos described at Paragraph 32. Minor Victim 5 did not testify or even provide a statement to that effect.

7

The only evidence before the Court are the videos. And, in the videos, Minor Victim 5 does not exhibit any signs of pain or humiliation, whether physical or mental. This is not to say that the defendant's conduct was not harmful to Minor Victim 5 and all the victims identified in the PSR. He was an adult man who posed as a child, gained the trust of these victims, and used that trust to persuade them to create and send intimate videos of themselves for his own sexual gratification. The defendant's conduct was harmful and horrible.

However, it is not the type of conduct that an ordinary observer would perceive as sadistic or masochistic. And, as the Second Circuit has cautioned, the enhancement should not be applied in these routine cases. There is simply no factual basis for the Court to find by a preponderance of the evidence that the four-point enhancement under Guidelines § 2G2.1(b)(4)(A) applies.

## II.     THERE ARE NO GROUNDS FOR AN UPWARD DEPARTURE UNDER § 5K2.0(a)(1)(B)

Guidelines § 5K2.0(a)(1)(B) provides that:

> The sentencing court may depart from the applicable guideline range if in the case of child crimes and sexual offenses, the court finds, pursuant to 18 U.S.C. § 3553(b)(2)(A)(i), that there exists an aggravating circumstance, of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the guidelines that, in order to advance the objectives set forth in 18 U.S.C. § 3553(a)(2), should result in a sentence different from that described.

This case appears to fall directly within the heartland of cases contemplated by the Sentencing Commission. All of the aggravating factors—such as the victims' ages, the fact

that the victims were performing sex acts in the images and videos, and the defendant's use of a computer—are accounted for with existing Guideline enhancements.

The PSR does not specify what "aggravating circumstance, of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the guidelines" is present in this case. As such, the government is not clear on what, if any, justification there is to apply an upward departure under § 5K2.0(a)(1)(B).

**III.    THERE ARE NO GROUNDS FOR AN UPWARD DEPARTURE UNDER § 5K2.21**

Guidelines § 5K2.21 provides that:

> The court may depart upward to reflect the actual seriousness of the offense based on conduct (1) underlying a charge dismissed as part of a plea agreement in the case, or underlying a potential charge not pursued in the case as part of a plea agreement or for any other reason; and (2) that did not enter into the determination of the applicable guideline range.

The PSR inaccurately states that the defendant was not charged with conduct related to all ten minor victims and that these victims did not enter into the guideline range determination. (*Id.*, ¶ 124.) To the contrary, the defendant pled guilty to receiving child pornography beginning on or about February 27, 2016 through and including on or about December 16, 2021. (Dkt. 28.) This date range encompasses the defendant's receipt of pornographic images from all of the victims outlined in the PSR. None of the victims were excluded from the charged conduct or the Guidelines calculation.

The only charges that were not pursued as part of the plea agreement are charges of production of child pornography. However, because the defendant's offense of conviction (receipt of child pornography) involved production, the cross reference under Guideline § 2G2.2(c)(1) applied and substantially increased the Guideline calculation. Thus, the defendant's production of child pornography was also considered in the Guideline calculation.

Because all of the victims and all of the uncharged conduct were taken into consideration when calculating the Guideline sentence applicable in this case, the government does not believe that an upward departure under Guidelines § 5K2.21 is appropriate.

## CONCLUSION

Based on the foregoing, the government respectfully requests that the Court: (a) grant the defendant's objection to Paragraphs 32, 33, 68, and 90 of the PSR and find that the four-point enhancement under Guidelines § 2G2.1(b)(4)(A) does not apply; (b) grant the defendant's objection to Paragraph 124 of the PSR and not consider an upward departure based on either Guidelines §§ 5K2.0(a)(1)(B) or 5K2.21; (c) note the defendant's denial of the conduct outlined in Paragraph 83 but still give the investigative findings and the victim's character letter whatever weight the Court deems appropriate.

DATED: Rochester, New York, October 11, 2023.

Respectfully submitted,

TRINI E. ROSS
United States Attorney

BY: *Meghan K. McGuire*

MEGHAN K. McGUIRE
Assistant U.S. Attorney
United States Attorney's Office
Western District of New York
100 State St., Suite 500
Rochester, NY 14614
Meghan.McGuire@usdoj.gov