UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

vs.                                                                                           Statement with Respect to
                                                                                              Sentencing Factors

                                                                                              6:23-CR-06053-EAW

NATHAN FOLLETT

                Defendant.

---

      Francis M. Ciardi, Esq., an attorney admitted to practice in the Western District of New York, makes the following affirmation upon information and belief, based upon his familiarity with the case, in response to the pre-sentence investigation report.

      This statement is intended to further assist the Court with its sentencing responsibility pursuant to 18 U.S.C. 3553(a), and its purpose is to advise the Court of several factors Mr. Follett deems relevant to sentencing.

### I. Plea Agreement

      The defendant has plead guilty to a single-count Information, which charged the defendant with Receipt of Child Pornography.

      The defendant's sentencing range would be a term of imprisonment of 168-210 months.

### II. Consider Letters from Client/Family

      Mr. Follett has written a letter to the Court and asks that the letter be considered with respect to his sentencing. He additionally has written numerous letters to his

1

parents emphasizing the need for changes and the actions he has taken to correct his past wrongdoings. Said letters are attached to this memorandum as Exhibit A

Additionally, letters on behalf of Mr. Follett from his family are submitted with this memorandum and listed as Exhibit B. Should the Defense Counsel receive any further letters on behalf of Mr. Follett, such letters will be immediately forwarded to the Court and Government.

**III.   Personal Background/Family Situation**

NATHAN FOLLETT is 37 years old. He will be 38 years old in July of 2024. He is a life-long resident of Western New York. He has one brother. Mr. Follett describes positive familial relationships. He was raised within the marital union of his parents and all basic needs were met.

Mr. Follett suffers from mental health issues related to anxiety and depression, which he recalls having experienced these symptoms earlier in his lifetime. Prior to his arrest Follett, Mr. Follett sought assistance with his mental health and sexual addition problem at Kavod Psychotherapy. Under the guidance of therapist Cheryl J. Woods LCSW CSAT, Mr. Follett participated in 10 weekly individual sessions and a twelve-step program for sex addiction. When beginning therapy, he was drinking to intoxication, isolating himself and had very poor hygiene. In completion of the program, he was progressing towards abstinence from the compulsive use of alcohol and pornography. Follett was seen weekly by a mental health counselor and is interested in receiving

further treatment while he is incarcerated, reflected in the PSR. See Report for Cheryl J. Woods listed as Exhibit C.

Mr. Follett had numerous job employers in hospitality and warehouse management. Mr. Follett intends to seek employment in culinary arts upon release.

**IV.   Involvement in Offense**

Mr. Follett admits guilt to the charges for which he pled guilty to. He continues to be remorseful and accepts full responsibility for his actions. Mr. Follett displays his remorse in his 27-page letter to Judge Wolford, the letter is attached to this memorandum as Exhibit A.

He understands the crimes he committed and takes full responsibility. Mr. Follett desires to receive continued treatment for the issues that led to his current conviction and vows not to repeat the mistakes he made.

**IV.   Special Consideration with regard to the Effect of Conviction**

As to the factors that can be considered in determining a sentence, 18 U.S. C. §3553(a) lays out the factors to be considered in imposing a sentence, including the need for the sentence to promote respect for the law and provide just punishment.

And 21 U.S.C. §850 provides that "no limitation shall be placed on the information concerning the background, character, and conduct of a person convicted of

3

an offense which a court of the United States may receive and consider for the purpose of imposing an appropriate sentence under this subchapter or subchapter II of this chapter."

It is submitted that the Court should consider, in determining its sentence, the effect that a felony conviction and a long prison sentence will have on a person of this defendant's character and circumstances. The Defendant submits that mitigating factors exist in this case demonstrating that a within Guideline's sentence in this case is in direct conflict with the sentencing mandate under 18 U.S.C. §3553(a), which requires this Court to impose a sentence that is "sufficient, but not greater than necessary to achieve the goals of sentencing," as well as the accords of due process of law.  Based on the above, the Defendant submits that he should be sentenced below the applicable Guideline range.

**This Court Should Consider the Advisory Guidelines along with All Relevant Factors under 18 U.S.C. §3553(a) and §3661 In Determining a Sentence That Is No Greater than Necessary to Achieve the Purposes of Sentencing.**

As this Court is aware, in <u>United States v. Booker</u>, 125 S. Ct. 738 (2005), the Supreme Court held that the mandatory guideline system created by the Sentencing Reform Act of 1984 (SRA) was unconstitutional.  Therefore, the appropriate remedial measure was to declare the Guidelines merely advisory. See <u>Booker</u>, 125 S. Ct. at 757 (2005) (Breyer, J.).  After <u>Booker</u>, federal sentencing is vastly different.  Treating the Guidelines as advisory requires that the Court consider the guideline range calculation as merely one of many factors in determining a sentence no greater than necessary to achieve the goals of sentencing set forth in 18 U.S.C. §3553(a)(2).

    A.    **The §3553(a) Sentencing Mandate**

4

Section 3553(a) is comprised of two distinct parts: the so-called "sentencing mandate" contained in the prefatory clause of §3553(a) and the "factors" to be considered in fulfilling that mandate. The overriding mandate of §3553(a) requires district courts to impose a sentence "sufficient, but not greater than necessary," to comply with the four purposes of sentencing set forth in §3553(a)(2): (a) retribution; (b) deterrence; (c) incapacitation; and (d) rehabilitation. United States v. Pullen, 89 F.3d 368 (7th Cir. 1996).

The sufficient-but-not-greater-than-necessary requirement is often referred to as the "parsimony provision." The parsimony provision is not just another "factor" to be considered along with the others set forth in §3553(a). Instead, it sets an independent limit on the sentence a court may impose. See United States v. Siegel, 217 Fed. Appx. 115 (2d Cir. 2008). Since §3553(a) requires sentence to be no greater than necessary to meet four purposes of sentencing, imposition of sentence greater than necessary to meet those purposes is reversible, even if within Guideline range. Id.

In determining the sentence minimally sufficient to comply with the §3553(a)(2) purposes of sentencing, the court must consider several factors listed in §3553(a). These factors include:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (3) the need for deterrence; (4) the need to protect the public; (5) the need to provide the defendant with needed educational or vocational training or medical care; (6) the kinds of sentences available; (7) the Sentencing Guidelines range; (8) pertinent policy statements of the Sentencing

5

> Commission; (9) the need to avoid unwanted sentencing disparities; and (10) the need to provide restitution to victims.

United States v. Capanelli, 479 F.3d 163, 165 (2d Cir. 2007). While district courts must in all cases "consider" the Guideline range, United States v. Booker, 543 U.S. 220, 245-46 (2005), the Guidelines do not subordinate the other factors in §3553(a). Rather, it is the parsimony provision that serves as "the guidepost for sentencing decisions post-Booker." United States v. Ferguson, 456 F.3d 660, 667 (6th Cir. 2006).

Sentencing courts have a duty to consider many factors that the Guidelines specifically exclude from consideration – even factors prohibited by the formerly mandatory Guidelines – in determining the type of sentence that satisfies the sentencing mandate of §3553(a). See, United States v. Winingear, 422 F.3d 1211, 1246 (11th Cir. 2005) (declining to address whether sentences within the Guidelines range were per se reasonable, holding that as long as the sentence complied with 18 U.S.C. §3553(a), the sentence was reasonable).

The sentencing judge, after considering §3553(a) and §3661 factors (including the Guidelines), has full discretion as to sentencing. If the Booker Court thought otherwise – if it thought the Guidelines not only had to be 'considered' (as the amputated statute requires) but had generally to be followed – its opinion would surely say so. Booker, 125 S. Ct. at 791 (Scalia, J., dissenting). Likewise, if the remedial majority thought the guidelines had to be given "heavy weight," its opinion would have said so. The remedial majority clearly understood that giving any special weight to the Guideline range relative to the other factors would violate the Sixth Amendment. "A sentence may be unreasonable if it is the product of a procedure that does not follow Booker's

6

requirements, regardless of the actual sentence. After a district court has accurately calculated the Guideline range, it may impose a more severe or more lenient sentence as long as the final sentence is reasonable. United States v. Singletary, 458 F.3d 72 (2d Cir. 2006)

B. **Mitigating Factors to Be Considered in Determining a Reasonable Sentence Under 18 U.S.C. §3553(a)(2).**

As set forth above, after Booker, this Court is statutorily required to impose a sentence that is minimally sufficient to accomplish the purposes of sentencing, and the Guidelines are only one of five equally important factors to be considered in determining the minimally sufficient sentence.  In the instant case, a sentence at the statutory minimum is sufficient to satisfy the goals of (1) retribution, (2) deterrence, (3) incapacitation, and (4) rehabilitation.  Imposition of sentence greater than necessary to meet those purposes is reversible, even if such a sentence falls within the Guideline range.

The defendant faces sentencing before Your Honor. Mr. Follett is now 37 years old and faces spending the next 14-17 years in Federal Prison, should the Court accept the plea agreement as requested.

Should the Court sentence Mr. Follett in accordance with the guidelines, he will be in his late 50's upon release. This conviction is obviously going to impact the remainder of his life, and consequently that of his family. Mr. Follett parents are in their 80's, and he understands that they may not live long enough for him to see them again

outside of custody. Mr. Follett understands the issues he needs to address and is set on seeking help to avoid further issues in the future.

Mr. Follett has maintained a clean record his entire life, These last almost 17 months in custody have allowed Mr. Follett to reflect on the behavior that landed him in jail. He does not wish to repeat that conduct again and vows to change his life in a positive way.

The defendant accepts responsibility for his conduct. The defendant has shown remorse by accepting responsibility for his actions by pleading guilty before Your Honor. He is truly sorry for his behavior.

During his time in custody, Mr. Follett has actively participated in jail services and programs through transitional services offered at the Livingston County Jail.  Mr. Follett successfully completed Anger Management curriculum on May 23, 2023.  See Attached letter from Amber Sears, Transitional Jail Coordinator and Certificate of completion of Anger Management attached as Exhibit D.

Mr. Follett additionally participated and completed an Interactive Journaling program on June 28, 20223.  He also completed "The courage to change" Interactive Journal.  See attached as Exhibit E.

To provide additional information to the Court.  Mr. Follett engaged the services of William A Kelly, LCSW, PC to estimate the risk of sexual offense recidivism. In the evaluation of Mr. Follett, Mr. Kelly finds no evidence of psychosis or psychotic thinking. Mr. Follett thoughts were described as generally logical, ordered, and productive. He is cooperative and motivated to speak with an average intelligence by motivation. Mr.

Follett presented an average risk of sexual offense recidivism and scored a rate around 3%. His score would support him being able to reside in the community, with ongoing treatment programs and community supervision. Attached hereto as Exhibit F .

Based on the particular facts and circumstances of Mr. Follett's case; his acceptance of responsibility and remorse for his conduct, the rehabilitative measures his has undertaken on his own, and the steps he has taken to ensure that no further crime are committed.  Defense counsel submits a non-guideline sentence of 5 years in the Bureau of prisons is appropriate for Mr. Follett.

**V.    Ability to Pay**

Mr. Follett has reported unencumbered assets which could be liquidated to satisfy criminal penalties. He has been incarcerated since April of 2022.

Mr. Follett respectfully requests the Court consider waiving any fines, or alternatively, the minimum fine allowable by law.

**VI.  Mr. Follett Requests That the Court recommends that he be Sentenced to a Residential Sex Offender Management Program, and further a Facility as near to the Western District of New York as Possible.**

The defendant requests the Court recommend placement in a Residential Sex Offender Management Program while incarcerated with the Bureau of Prisons.

Such placement will allow Mr. Follett to address the issues which led to his conviction in the instant matter. The program will allow Mr. Follett to address these issues prior to his release back into society and give him a head start on his ability to lead a law-abiding life upon his release.

Furthermore, in consideration of the presence of his family in the area, it is requested that to that to the extent possible, that this Court recommend that any sentence of incarceration with the Bureau of Prisons for Mr. Follett be served at a facility nearest to the Western District of New York.

Being placed in a facility closest to his family in Upstate New York will allow Mr. Follett to maintain contact with his family while he serves his time.  Mr. Follett's family has limited financial means by which to visit him should he be placed in a facility far away from his home.

### VII. Mr. Follett requests that the Court recommend that he be found eligible for any rehabilitation Program while in Federal Custody

Mr. Follett has several addressable issues, as noted in the PSR, that must be dealt with while he is incarcerated in the Bureau of Prisons.

Mr. Follett would benefit from participating in such programs while incarcerated with the Bureau of Prisons.

As such, Counsel requests that the Court recommend that the defendant be deemed eligible for all rehabilitation programs while he completes his sentence with the Federal Bureau of Prisons.

### VIII. Recommended Sentence to the Court/Conclusion

The Court should factor Nathan Follett background, history, and life circumstances in its calculation of the appropriate sentence pursuant to U.S.C. § 3553(a). See *United States v. Cavera*, 550 F. 3 180 (2d Cir. 2008) (Policy considerations different

than those reached by the Sentencing Commission are proper §3553(a) considerations for a sentencing court).

Based on the information relayed to the Court above, it is the defendant's request that the Court approve the plea agreement between the Government and the Defendant, consider all the factors relevant to sentencing, and sentence Mr. Follett to the least possible sentence in the Bureau of Prisons.

Dated: October 20, 2023
Rochester, New York

Respectfully submitted,

/s/Francis M. Ciardi_____
Francis M. Ciardi, Esq.
45 Exchange Blvd., Suite 400
Rochester, New York 14614
Fciardi@frankciardilaw.com
Attorney for Nathan Follett